IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RAYNA MURPHY | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. |
| JESS PLUNKETT,<br>and<br>LTI TRUCKING SERVICES, INC.,<br>A corporation | ) ) ) ) ) ) | **Plaintiff demands trial by Jury** |
| Defendants | ) | |

## COMPLAINT AT LAW

Plaintiff, RAYNA MURPHY, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, JESS PLUNKETT and LTI TRUCKING, SERVICES, INC., states as follows:

## COUNT I: NEGLIGENCE: JESS PLUNKETT

1. On May 8, 2018, Interstate-57 was a public roadway running in a general north and south direction at or near milepost 218 in the Township of Pesotum, County of Champaign, and State of Illinois.

2. On May 8, 2018, Defendant, JESS PLUNKETT, a resident of Arkansas, operated, managed, maintained, and/or controlled a tractor-trailer in a northbound direction on Interstate-57 at or near milepost 218. In addition, Defendant, JESS PLUNKETT, performs his usual and customary business of driving tractor-trailers for LTI Trucking Services, Inc. in Cook County, Illinois.

3. At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, JESS PLUNKETT, was an employee, lessor, leasee, and/or agent of LTI

**Exhibit A**

Trucking Services, Inc. and within the scope of his employment and/or within the scope of his lease and/or agency

4. At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, JESS PLUNKETT, was driving the subject tractor-trailer on a public roadway while under the influence of alcohol and/or illegal drugs.

5. On May 8, 2018, and at the time of the collision, Plaintiff, RAYNA MURPHY, was lawfully stopped and operating a 2011 Hyundai Elantra on northbound Interstate-57 at or near milepost 218.

6. On May 8, 2018, while under the influence of alcohol and/or illegal drugs, Defendant, JESS PLUNKETT, uncontrollably and unlawfully permitted his tractor-trailer to rear-end Plaintiff's vehicle with such great force as to cause Plaintiff's vehicle and vehicles positioned ahead of Plaintiff to move off the road.

7. On May 8, 2018, Defendant, JESS PLUNKETT, owed Plaintiff, RAYNA MURPHY, a duty to exercise reasonable care when operating, managing, and/or controlling the subject tractor-trailer. In addition, Defendant, JESS PLUNKETT, owed Plaintiff, RAYNA MURPHY, and all public motorists, a duty to refrain from consuming alcohol and illegal drugs prior to and while operating a tractor-trailer.

8. At the aforementioned time and place, Defendant, JESS PLUNKETT, was negligent in one or more of the following respects:

 (a) Operated his tractor-trailer without keeping a proper and sufficient lookout of traffic conditions ahead;

 (b) Failed to operate the tractor-trailer in a controlled manner;

 (c) Failed to reduce speed to avoid an accident;

(d)   Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions or which endangered the safety of persons;

(e)   Failed to keep a sufficient gap between vehicles to avoid a rear-end accident;

(f)   Failed to bring his tractor-trailer to a stop to avoid a rear-end accident;

(g)   Was otherwise careless and negligent

9.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, RAYNA MURPHY, sustained injuries of a permanent, personal, pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff, RAYNA MURPHY, demands judgment against Defendant, JESS PLUNKETT, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), including interest and costs.

## COUNT II: WILLFUL AND WANTON: JESS PLUNKETT

1.   On May 8, 2018, Interstate-57 was a public roadway running in a general north and south direction at or near milepost 218 in the Township of Pesotum, County of Champaign, and State of Illinois.

2.   On May 8, 2018, Defendant, JESS PLUNKETT, a resident of Arkansas, operated, managed, maintained, and/or controlled a tractor-trailer in a northbound direction on Interstate-57 at or near milepost 218.

3.   At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, JESS PLUNKETT, was an employee, lessor, leasee, and/or agent of LTI Trucking Services, Inc. and within the scope of his employment and/or within the scope of his lease and/or agency.

4. At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, JESS PLUNKETT, was driving the subject tractor-trailer on a public roadway while under the influence of alcohol and/or illegal drugs.

5. On May 8, 2018, and at the time of the collision, Plaintiff, RAYNA MURPHY, was lawfully stopped and operating a 2011 Hyundai Elantra on northbound Interstate-57 at or near milepost 218.

6. On May 8, 2018, while under the influence of alcohol and/or illegal drugs, Defendant, JESS PLUNKETT, uncontrollably and unlawfully permitted his tractor-trailer to rear-end Plaintiff's vehicle with such great force as to cause Plaintiff's vehicle and vehicles positioned ahead of Plaintiff to move off the road.

7. On May 8, 2018, Defendant, JESS PLUNKETT, owed Plaintiff, RAYNA MURPHY, a duty to exercise reasonable care and refrain from willful and wanton conduct when operating, managing, and/or controlling the subject tractor-trailer. In addition, Defendant, JESS PLUNKETT, owed Plaintiff, RAYNA MURPHY, and all public motorists, a duty to refrain from consuming alcohol and illegal drugs prior to and while operating a tractor-trailer.

8. At the aforementioned time and place, Defendant, JESS PLUNKETT, was willful and wanton in one or more of the following respects:

   (a) With an utter indifference and conscious disregard for the safety of Plaintiff, operated his tractor-trailer without keeping a proper and sufficient lookout of traffic conditions ahead;

   (b) With an utter indifference and conscious disregard for the safety of Plaintiff, failed to operate the tractor-trailer in a controlled manner;

   (c) With an utter indifference and conscious disregard for the safety of Plaintiff, failed to reduce speed to avoid an accident;

(d) With an utter indifference and conscious disregard for the safety of Plaintiff, proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions or which endangered the safety of persons;

(e) With an utter indifference and conscious disregard for the safety of Plaintiff, failed to keep a sufficient gap between vehicles to avoid a rear-end accident;

(f) With an utter indifference and conscious disregard for the safety of Plaintiff, failed to bring his tractor-trailer to a stop to avoid a rear-end accident;

(g) With an utter indifference and conscious disregard for the safety of Plaintiff, knew that he was operating his tractor-trailer on a public roadway while under the influence of alcohol and/or illegal drugs;

(h) With an utter indifference and conscious disregard for the safety of Plaintiff, operated his tractor-trailer on a public roadway while under the influence of alcohol and/or illegal drugs; and

(i) Was otherwise willful and wanton.

9. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions, Plaintiff, RAYNA MURPHY, sustained injuries of a permanent, personal, pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff, RAYNA MURPHY, demands judgment against Defendant, JESS PLUNKETT, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), including interest and costs.

## COUNT III: NEGLIGENCE: LTI TRUCKING SERVICES, INC.

1. Defendant, LTI TRUCKING SERVICES, INC. ("LTI") is a trucking company headquartered in St. Louis, MO that performs its usual and customary business in Cook County, Illinois.

2. On May 8, 2018, Interstate-57 was a public roadway running in a general north and south direction at or near milepost 218 in the Township of Pesotum, County of Champaign, and State of Illinois.

5

3. On May 8, 2018, Defendant, LTI, operated, managed, maintained, and/or controlled a tractor-trailer in a northbound direction on Interstate-57 at or near milepost 218.

4. At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, JESS PLUNKETT, was an employee, lessor, lease, and/or agent of Defendant, LTI, and within the scope of his employment and/or within the scope of his lease and/or agency.

5. At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, JESS PLUNKETT, was driving the subject tractor-trailer on a public roadway while under the influence of alcohol and/or illegal drugs.

6. At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, LTI, knew, had known and/or should have known of Defendant, JESS PLUNKETT'S, unfitness to operate a tractor trailer, his history of substance abuse, his history of operating vehicles impaired and under the influence of alcohol and/or drugs, and his propensities of operating a tractor trailer under the influence.

7. On May 8, 2018, and at the time of the collision, Plaintiff, RAYNA MURPHY, was lawfully stopped and operating a 2011 Hyundai Elantra northbound on Interstate-57 at or near milepost 218.

8. On May 8, 2018, while under the influence of alcohol and/or illegal drugs, Defendant, JESS PLUNKETT, uncontrollably and unlawfully permitted his tractor-trailer to rear-end Plaintiff's vehicle with such great force as to cause Plaintiff's vehicle and vehicles positioned ahead of Plaintiff to move off the road.

9. On May 8, 2018, Defendant, LTI, owed Plaintiff, RAYNA MURPHY, a duty to exercise reasonable care when Defendant, JESS PLUNKETT, its driver, employee and/or agent,

operated, managed, and/or controlled the subject tractor-trailer. In addition, Defendant, LTI, owed Plaintiff, RAYNA MURPHY, and all public motorists, a duty to refrain from permitting drivers, employees, and/or agents from operating tractor-trailers while under the influence of alcohol and illegal drugs.

10. At the aforementioned time and place, Defendant, LTI, was negligent in one or more of the following respects:

- (a) Operated its tractor-trailer without keeping a proper and sufficient lookout of traffic conditions ahead;
- (b) Failed to operate the tractor-trailer in a controlled manner;
- (c) Failed to reduce speed to avoid an accident;
- (d) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions or which endangered the safety of persons;
- (e) Failed to keep a sufficient gap between vehicles to avoid a rear-end accident;
- (f) Failed to bring its tractor-trailer to a stop to avoid a rear-end accident;
- (g) Knew or should have known that Defendant, JESS PLUNKETT, was unfit to operate a tractor-trailer;
- (h) Knew or should have known that Defendant, JESS PLUNKETT, had a history of driving under the influence;
- (i) Knew or should have known that Defendant, JESS PLUNKET, had propensities to drive under the influence;
- (j) Was careless and negligent in retaining and/or hiring Defendant, JESS PLUNKETT;
- (k) Was otherwise careless and negligent.

11. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, RAYNA MURPHY, sustained injuries of a permanent, personal, pecuniary and non-pecuniary nature.

7

WHEREFORE, Plaintiff, RAYNA MURPHY, demands judgment against Defendant, LTI TRUCKING SERVICES, INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), including interest and costs.

### COUNT IV: WILLFUL AND WANTON: LTI TRUCKING SERVICES, INC.

1. Defendant, LTI TRUCKING SERVICES, INC. ("LTI") is a trucking company headquartered in St. Louis, MO that performs its usual and customary business in Cook County, Illinois.

2. On May 8, 2018, Interstate-57 was a public roadway running in a general north and south direction at or near milepost 218 in the Township of Pesotum, County of Champaign, and State of Illinois.

3. On May 8, 2018, Defendant, LTI, operated, managed, maintained, and/or controlled a tractor-trailer in a northbound direction on Interstate-57 at or near milepost 218.

4. At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, JESS PLUNKETT, was an employee, lessor, leasee, and/or agent of Defendant, LTI, and within the scope of his employment and/or within the scope of his lease and/or agency

5. At the time of the collision on the aforementioned date and at the aforementioned location, Defendant, JESS PLUNKETT, was driving the subject tractor-trailer on a public roadway while under the influence of alcohol and/or illegal drugs.

6. On May 8, 2018, and at the time of the collision, Plaintiff, RAYNA MURPHY, was lawfully stopped and operating a 2011 Hyundai Elantra northbound on Interstate-57 at or near milepost 218.

7. On May 8, 2018, while its driver, employee, and/or agent, JESS PLUNKETT, was under the influence of alcohol and/or illegal drugs, Defendant, LTI, permitted JESS PLUNKETT to drive under the influence or drive knowing that he was otherwise unfit whereupon he uncontrollably and unlawfully permitted his tractor-trailer to rear-end Plaintiff's vehicle with such great force as to cause Plaintiff's vehicle and vehicles positioned ahead of Plaintiff to move off the road.

8. On May 8, 2018, Defendant, LTI, owed Plaintiff, RAYNA MURPHY, a duty to exercise reasonable care and refrain from willful and wanton conduct when Defendant, LTI, operated, managed, and/or controlled the subject tractor-trailer. In addition, Defendant, LTI, owed Plaintiff, RAYNA MURPHY, and all public motorists, a duty to refrain from hiring, retaining and permitting its drivers, employees, and/or agents to drive tractor-trailers while under the influence of alcohol and/or drugs and/or gain and retain employment and/or agency with a history of substance abuse and unfitness.

9. At the aforementioned time and place, Defendant, LTI, was willful and wanton in one or more of the following respects:

(a) With an utter indifference and conscious disregard for the safety of Plaintiff, operated its tractor-trailer without keeping a proper and sufficient lookout of traffic conditions ahead;

(b) With an utter indifference and conscious disregard for the safety of Plaintiff, failed to operate the tractor-trailer in a controlled manner;

(c) With an utter indifference and conscious disregard for the safety of Plaintiff, failed to reduce speed to avoid an accident;

(d) With an utter indifference and conscious disregard for the safety of Plaintiff, proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions or which endangered the safety of persons;

(e) With an utter indifference and conscious disregard for the safety of Plaintiff, failed to keep a sufficient gap between vehicles to avoid a rear-end accident;

(f) With an utter indifference and conscious disregard for the safety of Plaintiff, failed to bring its tractor-trailer to a stop to avoid a rear-end accident;

(g) With an utter indifference and conscious disregard for the safety of Plaintiff, knew or should have known that, Defendant, JESS PLUNKETT, was operating his tractor-trailer on a public roadway while under the influence of alcohol and/or illegal drugs;

(h) With an utter indifference and conscious disregard for the safety of Plaintiff, knew or should have known that Defendant, JESS PLUNKETT, was unfit to operate a tractor-trailer;

(i) With an utter indifference and conscious disregard for the safety of Plaintiff, knew or should have known that Defendant, JESS PLUNKETT, had a history of driving under the influence;

(j) With an utter indifference and conscious disregard for the safety of Plaintiff, knew or should have known that Defendant, JESS PLUNKET, had propensities to drive under the influence;

(k) With an utter indifference and conscious disregard for the safety of Plaintiff, was reckless, willful and wanton in retaining and/or hiring Defendant, JESS PLUNKETT; and

(l) Was otherwise willful and wanton.

10. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, RAYNA MURPHY, sustained injuries of a permanent, personal, pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff, RAYNA MURPHY, demands judgment against Defendant, LTI TRUCKING SERVICES, INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), including interest and costs.

Attorney for Plaintiff

Jack J. Casciato
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
jjc@cliffordlaw.com